Jose Ramon LIMA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–01–664–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

May 22, 2003.

Adolfo "Al" Alvarez, McAllen, Rogelio Garza, Edinburg, for appellant.

Diane Palmiotti, Theodore C. Hake, Assistant Criminal District Attorneys, Edinburg, for appellee.

Before Justices HINOJOSA, YAÑEZ, and GARZA.

## OPINION

Opinion by Justice YAÑEZ.

By two points of error, appellant Jose Ramon Lima challenges his conviction for making a false record.[1] A jury found him guilty and assessed punishment at four years imprisonment and a $3,000 fine. On the jury's recommendation, the trial judge suspended the sentence and placed Lima on four years of community supervision. We affirm.

## Background

In 1997 Lima was a licensed midwife and administrator of a birthing center in Mission. On October 21, 1997, a pregnant mother visited the center to give birth. Appellant's wife, Irma, assisted the mother in the delivery of the baby. Irma was not allowed to practice midwifery as of the date of this delivery. Appellant was not present during the delivery.

The birth certificate reflects the following: appellant's name and address are typed below the words "Attendant's Name and Mailing Address" in section 8a; appellant's signature, dated November 1, appears below the word "Certifier" in section 9a; and a box, underneath the signature, marked "Attendant" is checked in section 9b. There are two other boxes below the signature line, in section 9b, that could have been checked, "Facility Administrator/Designee" and "Other (Specify)." The certificate was received by the local registrar and Bureau of Vital Statistics on November 5.

## Applicable Law

The health and safety code states, in relevant parts:

§ 192.003. **Birth Certificate Filed or Birth Reported**

(a) The physician, midwife, or person acting as a midwife in attendance at a birth shall file the birth certificate with the local registrar of the registration district in which the birth occurs.

(b) If a birth occurs in a hospital or birthing center, the hospital administrator, the birthing center administrator, or a designee of the appropriate administrator may file the birth certificate in lieu of a person listed by Subsection (a).

TEX. HEALTH & SAFETY CODE ANN. § 192.003 (Vernon 2001). The health and safety code also provides that a person commits the offense of making a false record if he or she intentionally or knowingly makes a false statement in a birth certificate. *Id.* § 195.003.

According to the penal code, a person acts intentionally if it is his conscious ob-

---

1. TEX. HEALTH & SAFETY CODE ANN. § 195.003 (Vernon 2001).

jective or desire to engage in the conduct or cause the result. TEX. PEN.CODE ANN. § 6.03(a) (Vernon 2003). A person acts knowingly when he is aware of the nature of his conduct or that the circumstances exist. *Id.* § 6.03(b).

## Analysis

### A. Legal Sufficiency

In his second point of error, Lima challenges the legal sufficiency of the evidence. For such a challenge, we review the evidence in a light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). Appellant specifically contends the State offered no evidence that he intentionally or knowingly made a false statement. We disagree.

Whether a defendant acted intentionally or knowingly (i.e., defendant's culpable mental state) must usually be inferred from the facts and circumstances. *See Hernandez v. State*, 819 S.W.2d 806, 810 (Tex.Crim.App.1991). Thus, the jury may infer intent or knowledge from any facts in evidence that tend to prove the existence of such a culpable mental state. *Id.*

At trial, the State elicited testimony from Edward Mata, an investigator/administrator for the Bureau of Vital Statistics ("the Bureau"). Mata testified, "Midwives must be documented on an annual basis. They receive training, so many hours of training. And so every year they have to renew their certification." Mata stated that Lima's registration was current for 1997. Mata also answered "no" when asked if appellant's wife was allowed to practice midwifery on the date of the delivery in question.

The State also elicited testimony from Debra Owens, a state registrar chief for the Bureau. Owens explained that the Bureau is "the official custodian of all Texas records found: Birth, death, marriage applications and divorce applications." Owens also explained, regarding the birth certificate itself, "The fields of information is [sic] completed typically by the person who is ... attending the mother at the time of the birth. After that also there is a certifier, and that's the person who assures that everything on the particular birth certificate document is accurate and correct information." Her testimony further revealed that only a person who actually attended the birth should be listed as the attendant in section 8a of a birth certificate. Owens then answered affirmatively when asked if Lima had certified that *he* was the attendant midwife on the document.

The State then offered the birth certificate. Finally, the State presented evidence that Lima's wife was present at the delivery, while he was not.

In sum, the face of the birth certificate misrepresents Lima as the attendant to the delivery twice. First, appellant's name and address are listed as that of the attendant. Second, the box under appellant's certifying signature is marked "Attendant." Despite these representations, appellant's wife was the attendant at the delivery and appellant was not. We conclude the twice-made misrepresentation on the birth certificate and the witnesses' testimony were sufficient to allow the jury to infer Lima's mental state and find beyond a reasonable doubt that he intentionally or knowingly made a false record. After reviewing the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found the

essential elements of the offense beyond a reasonable doubt. We hold that the evidence is legally sufficient to support appellant's conviction. Appellant's second point of error is overruled.

## B. Ineffective Assistance

■ In his first point of error, Lima contends he was denied effective assistance of counsel. Appellant specifically argues that his conviction should be reversed because counsel failed to request an instruction on the defense of mistake of fact or, in the alternative, counsel failed to pursue this defense at all. We disagree.

Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). To prevail on an ineffective assistance point in accordance with *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the appellant must first show that his trial counsel's performance was deficient, in that it fell below an objective standard of reasonableness. *Thompson,* 9 S.W.3d at 812. Second, appellant must further prove that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

### 1. Failure to Request an Instruction

■ The penal code states, "It is a defense to the prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." Tex. Pen.Code Ann. § 8.02(a) (Vernon 2003). To raise this defense, evidence must be presented that the defendant through mistake formed a reasonable be-

lief about a matter of fact and the mistaken belief would negate the culpable mental state required for commission of the offense. *See Miller v. State,* 815 S.W.2d 582, 585 (Tex.Crim.App.1991). The defendant is not required to testify to raise the defense of mistake of fact and may rely on other evidence admitted at trial. *Id.* When properly requested by the defense, the trial court is required to give an instruction on any defensive issue raised by the evidence. *Id.*

Here, Lima did not testify at trial and no other evidence raised the issue of mistake of fact. Not a single witness testified, nor was any other evidence offered, regarding appellant's alleged mistaken belief. Counsel did not err by not requesting an instruction to the jury on the defense of mistake of fact because the evidence presented did not raise the issue.

### 2. Failure to Pursue a Defense

■ Regarding Lima's alternative argument that trial counsel failed to pursue the defense of mistake of fact, there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson,* 9 S.W.3d at 813. Consequently, appellant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)).

After reviewing the record of the trial, it appears defense counsel's strategy was to challenge the State's evidence regarding the elements of the offense. Counsel argued to the jury that there was no evidence that appellant actually signed the document or checked the wrong box. The defensive theory pursued at trial (he was not the person who made the false record)

essentially precludes the theory appellant pursues now (he did fill out the birth certificate, but under a mistake of fact). We conclude the record is insufficient to rebut the presumption that trial counsel's decision not to pursue the defense of mistake of fact was the result of "sound trial strategy." *See id.*

Considering both of Lima's arguments within this point, he has not met his burden to prove that trial counsel's alleged failure fell below an objective standard of reasonableness. Appellant's first point of error is overruled.

We have considered all of appellant's points, and they are all overruled. The judgment of the trial court is affirmed.