COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-04-107-CR


MICHAEL ALAN MARTIN                                                        APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION [1]

------------
INTRODUCTION
        Appellant was indicted for evading arrest or detention and pleaded not
guilty. A jury found Appellant guilty and assessed punishment at two years’
confinement. In two issues, Appellant argues that the evidence was legally
insufficient and that the trial court erred in denying his requested lesser included
offense jury instruction. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
        At approximately 12:00 a.m. on September 17, 2003, Officer Louie
Adams of the Argyle Police Department was on duty in his patrol vehicle near
the intersection of FM 407 and FM 1830. Officer Adams testified that he was
stopped in the parking lot of a convenience store when he observed a white
pickup truck traveling east on FM 407, approaching the stop sign at the
intersection of FM 1830. Officer Adams described the vehicle as a 1990s
model pickup truck and testified that the truck was later determined to be a
1995 Chevrolet pickup truck. 
        According to Officer Adams, the truck appeared to be going extremely
fast as it approached the stop sign at the intersection and he was uncertain
whether the truck was going to stop; however, Officer Adams stated that the
truck did stop at the stop sign. Officer Adams pulled behind the truck at the
stop sign and ran a computer check on the license plates through the computer
in his patrol vehicle. The information Officer Adams received back showed that
the license plates were registered to a 1985 Chevrolet pickup truck and were
expired. Because the truck appeared to be a 1990s model and the license
plates were registered to a 1985 model, Officer Adams followed the truck north
on FM 1830. Once Officer Adams verified that he had entered the license plate
number correctly, he became suspicious that the license plates might be stolen. 
        Officer Adams testified that he followed the truck, which was the only
vehicle on the road, at a distance of about three car lengths and waited for a
safe place to initiate a traffic stop. As the truck approached the intersection of
FM 1830 and Hickory Hill Road, Officer Adams activated his emergency lights
to signal the driver of the truck to stop. The truck began to slow down as it
approached the intersection, but then suddenly made a right-hand turn and sped
up, and the driver squealed his tires as he turned, accelerated, and headed
north on Hickory Hill Road. Officer Adams testified that the truck reached a
speed of approximately sixty miles an hour in a thirty-five mile an hour zone.
Officer Adams notified Denton County that he was in pursuit and activated his
emergency siren and video unit. 
        As the truck approached the intersection of Hickory Hill Road and Hilltop
Road, the driver stuck his hand out the window and began making a hand
gesture, which Officer Adams described as “like he was just waving me on or
telling me to get closer to him or something.” Officer Adams stated that after
he viewed the videotape from his in-car camera, it appeared that the driver was
making a throwing motion. At the intersection of Hickory Hill Road and Hilltop
Road, the driver turned on his right turn indicator, drove through a stop sign,
and continued south on Hilltop Road. Officer Adams stated that the truck sped
back up to approximately fifty-five to sixty miles an hour. The truck continued
south on Hilltop Road at this speed and approached the intersection at
Hitchcock Lane. The truck turned left on Hitchcock and suddenly stopped.
Officer Adams pulled behind the truck and observed the driver, who Officer
Adams identified in court as Appellant, quickly exiting the truck, leaving the
truck running and the headlights on. 
        Officer Adams stated that Appellant made another gesture with his left
hand, which Officer Adams described as a wave, and began walking away from
him. At this point, Officer Adams ordered Appellant to get on the ground at
gunpoint and Appellant complied and was taken into custody. Officer Adams
stated that he smelled alcohol and marijuana on Appellant and Appellant told
him that “he wanted to get his truck home because he felt that he had had too
much to drink.” Although it was later discovered that Appellant did live on
Hitchcock, the house at which he stopped was not his residence. 
LEGAL SUFFICIENCY
        In his first issue, Appellant argues that the evidence is legally insufficient
to support his conviction for evading arrest or detention because the State did
not prove that Appellant “intentionally evaded the police with his vehicle.” 
        In reviewing the legal sufficiency of the evidence to support a conviction,
we view all the evidence in the light most favorable to the verdict in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 618,
620 (Tex. Crim. App. 2004).
        This standard gives full play to the responsibility of the trier of fact to
resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts. Jackson, 443 U.S. at
319, 99 S. Ct. at 2789. The trier of fact is the sole judge of the weight and
credibility of the evidence. See Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon
1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). 
Thus, when performing a legal sufficiency review, we may not re-evaluate the
weight and credibility of the evidence and substitute our judgment for that of
the fact finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App.
1999), cert. denied, 529 U.S. 1131 (2000). We must resolve any
inconsistencies in the evidence in favor of the verdict. Curry v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000).
        In determining the legal sufficiency of the evidence to show Appellant's
intent, and faced with a record that supports conflicting inferences, we “must
presume—even if it does not affirmatively appear in the record—that the trier
of fact resolved any such conflict in favor of the prosecution, and must defer
to that resolution.” Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.
1991).
        A person commits the felony offense of evading arrest if he intentionally
flees, in a vehicle, from a person he knows is a peace officer lawfully
attempting to arrest or detain him. See Tex. Penal Code Ann. § 38.04(a), (b)(1)
(Vernon 2002); Guillory v. State, 99 S.W.3d 735, 741 (Tex. App.—Houston
[1st Dist.] 2003, pet. ref’d). In support of his argument that the State failed
to prove his intent, Appellant points to the testimony of Officer Adams during
cross-examination. In response to defense counsel questioning, Officer Adams
testified that he did not attempt to use his loudspeaker to instruct Appellant to
stop, and although he testified that he activated his siren, he failed to put that
fact in his report. Additionally, Officer Adams testified that he had no idea
what Appellant was thinking during this pursuit, but that other than waving his
hand out the window, Appellant did not acknowledge Officer Adams as he
pursued him. Appellant seems to be arguing that because Officer Adams could
not testify to what Appellant was thinking during this pursuit, that the State
could not prove Appellant’s intent. We do not agree with this assertion. 
        Intent may be inferred from the acts, words, and conduct of the accused. 
Manrique v. State, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999); Hernandez
v. State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991), cert. denied, 504 U.S.
974 (1992). Thus, the jury may infer intent or knowledge from any facts in
evidence that tend to prove the existence of such a culpable mental state. Lima
v. State, 107 S.W.3d 774, 776 (Tex. App.—Corpus Christi 2003, no pet.). 
        The evidence in this case showed that in response to Officer Adams’s
activation of his overhead emergency lights in an attempt to lawfully detain him
for a traffic violation, Appellant made a quick turn and accelerated away. In
response to Appellant’s actions, Officer Adams testified that he activated his
siren and began pursuing Appellant. [2] Despite the fact that Appellant’s vehicle
was the only one on the road that evening and he was being closely followed
by a marked police unit with its emergency lights and siren activated, Appellant
continued to flee Officer Adams, reaching speeds of approximately sixty miles
an hour in a residential area, running a stop sign, and making several turns. 
Additionally, Officer Adams testified that Appellant made some sort of hand
gesture out his window during the pursuit and also made another hand gesture
when Appellant exited his vehicle and began walking away from Officer Adams.
        Based on the evidence in the record, we hold that the evidence was
legally sufficient to show that Appellant intentionally fled from Officer Adams,
knowing that he was attempting to lawfully arrest or detain him. [3] Accordingly,
we overrule Appellant’s first issue.
LESSER INCLUDED OFFENSE
        In his second issue, Appellant argues that the trial court erred in denying
his request for a jury instruction on the lesser included offense of fleeing or
attempting to elude a police officer. 
        To determine whether a jury must be charged on a lesser included
offense, we apply a two-step analysis. Moore v. State, 969 S.W.2d 4, 8 (Tex.
Crim. App. 1998). The first step is to decide whether the offense is a “lesser
included offense” as defined in article 37.09 of the code of criminal procedure. 
Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 1981); Moore, 969 S.W.2d at
8.
        A lesser included offense is defined both in terms of the offense charged
and the facts of the case: “An offense is a lesser included offense if . . . it is
established by proof of the same or less than all the facts required to establish
the commission of the offense charged.” Tex. Code Crim. Proc. Ann. art.
37.09(1). Therefore, our analysis of whether an offense is a lesser included
offense of the charged offense must be made on a case-by-case basis. 
Bartholomew v. State, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); Day v.
State, 532 S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh'g). It does
not matter if the charged offense can be established on a theory that does not
contain the lesser offense; the issue is whether the State, when presenting its
case to prove the offense charged, also includes proof of the lesser included
offense as defined in article 37.09. See Bartholomew, 871 S.W.2d at 212;
Broussard v. State, 642 S.W.2d 171, 173 (Tex. Crim. App. 1982).
        The second step requires an evaluation of the evidence to determine
whether there is some evidence that would permit a rational jury to find that the
defendant is guilty only of the lesser offense, and not of the greater. Feldman
v. State, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002) (op. on reh’g); Moore,
969 S.W.2d at 8. The evidence must be evaluated in the context of the entire
record. Moore, 969 S.W.2d at 8. There must be some evidence from which
a rational jury could acquit the defendant of the greater offense while
convicting him of the lesser included offense. Id. The court may not consider
whether the evidence is credible, controverted, or in conflict with other
evidence. Id. If there is evidence from any source that negates or refutes the
element establishing the greater offense, or if the evidence is so weak that it
is subject to more than one reasonable inference regarding the aggravating
element, the jury should be charged on the lesser included offense. See
Schweinle v. State, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); Saunders v.
State, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).
        A person commits the offense of evading arrest “if he intentionally flees
from a person he knows is a peace officer attempting lawfully to arrest or
detain him.” Tex. Penal Code Ann. § 38.04(a). A person commits the offense
of fleeing or attempting to elude a peace officer “if the person operates a motor
vehicle and wilfully fails or refuses to bring the vehicle to a stop or flees, or
attempts to elude, a pursuing police vehicle when given a visual or audible
signal to bring the vehicle to a stop.” Tex. Transp. Code Ann. § 545.421(a)
(Vernon 1999). The signal “may be by hand, voice, emergency light, or siren.” 
Id. § 545.421(b). The pursuing officer must be in uniform, prominently
displaying his badge, and driving an appropriately marked police vehicle. Id.;
Walker v. State, 95 S.W.3d 516, 519 (Tex. App.—Fort Worth 2002, pet.
ref’d).
        The only difference between the two statutes as applied to the facts of
this case is the element of evading arrest that requires Appellant's knowledge
that the officer was attempting to lawfully arrest or detain him. Walker, 95
S.W.3d at 519. Accordingly, because the elements of fleeing or attempting to
elude a peace officer are included within the proof necessary to establish
evading arrest, fleeing or attempting to elude a peace officer is a lesser included
offense of evading arrest. Id.; see Broussard, 642 S.W.2d at 173.
        As we detailed above, we concluded that there was evidence in the
record to support a rational jury’s finding that Appellant intentionally fled from
a person he knew was a peace officer attempting to lawfully arrest or detain
him. Additionally, the record contains no evidence negating Appellant’s
knowledge that the officer was attempting to lawfully arrest or detain him. As
in Walker, because the evidence failed to negate the knowledge element, we
conclude that a rational juror could not find that if Appellant is guilty, he is
guilty only of the lesser included offense. Therefore, we hold that the trial
court did not err in failing to include a jury instruction on the lesser included
offense. Accordingly, we overrule Appellant’s second issue.
CONCLUSION
        Having overruled Appellant’s issues, we affirm the trial court’s judgment.
                                                          PER CURIAM
 
PANEL F:   GARDNER, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 11, 2005

 
NOTES
1. See Tex. R. App. P. 47.4.
2. Although Appellant disputes Officer Adams’s testimony that he activated his
siren, we must presume that the jury resolved any apparent conflict in evidence
in favor of the State. See Matson, 819 S.W.2d at 846.
3. Appellant also argues that there was no evidence that his arrest would have
been lawful. However, this argument is irrelevant because Appellant was
indicted for evading arrest or detention. Officer Adams had observed Appellant
committing a traffic offense. See Tex. Transp. Code Ann. § 502.408(a)
(Vernon 1999) (operation of vehicle with wrong license plate). Thus, Officer
Adams’s attempted detention was lawful.