ACCEPTED
12-15-00154-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/10/2015 11:43:26 PM
Pam Estes
CLERK

NUMBER 12-15-00154-CR

IN THE TWELFTH DISTRICT COURT OF APPEALS

TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/10/2015 11:43:26 PM
PAM ESTES
Clerk

DANIEL LEE KNOD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 7th District Court of Smith County, Texas

Trial Cause Number 007-0010-15

## STATE'S BRIEF

ORAL ARGUMENT NOT REQUESTED

D. MATT BINGHAM

Criminal District Attorney

Smith County, Texas

AARON REDIKER

Assistant District Attorney

State Bar of Texas Number 24046692

Smith County Courthouse, 4th Floor

Tyler, Texas 75702

Phone: (903) 590-1720

Fax: (903) 590-1719

Email: arediker@smith-county.com

# Table of Contents

Index of Authorities..................................................................................................... 2

Statement of Facts......................................................................................................... 3

Summary of Argument................................................................................................... 4

I.ISSUE:  As no evidence introduced at appellant's trial for theft showed that he had labored under a mistaken belief the owner had abandoned the tire rim, the trial court did not err in refusing a jury instruction on the defense of mistake of fact.  4

Standard of Review ........................................................................................................ 4

Argument......................................................................................................................... 5

Prayer ............................................................................................................................ 10

Certificate of Compliance ........................................................................................... 11

Certificate of Service ................................................................................................... 12

# Index of Authorities

**TEXAS CASES**

*Celis v. State*, 416 S.W.3d 419 (Tex. Crim. App. 2013) ........................................................ 6

*Granger v. State*, 3 S.W.3d 36 (Tex. Crim. App. 1999) ........................................................ 5

*Ingram v. State*, 261 S.W.3d 749 (Tex. App.—Tyler 2008, no pet.) ............................... 5, 9

*Lasker v. State*, 573 S.W.2d 539 (Tex. Crim. App. 1978) ..................................................... 9

*Lima v. State*, 107 S.W.3d 774 (Tex. App.—Corpus Christi 2003, no pet.) ...................... 8

*Mayfield v. State*, 848 S.W.2d 816 (Tex. App.—Corpus Christi 1993, pet. ref'd) ............ 9

*Mays v. State*, 318 S.W.3d 368 (Tex. Crim. App. 2010) ....................................................... 7

*Miller v. State*, 815 S.W.2d 582 (Tex. Crim. App. 1991) ..................................................... 8

*White v. State*, 844 S.W.2d 929 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd) ......... 8

*Williams v. State*, 796 S.W.2d 793 (Tex. App.—San Antonio 1990, no pet.) ................... 9


**TEXAS STATUTES**

Tex. Penal Code Ann. § 1.07 .................................................................................................. 6

Tex. Penal Code Ann. § 31.03 ................................................................................................ 6

Tex. Penal Code Ann. § 8.02 .................................................................................................. 5

Tex. Penal Code Ann. § 8.03 ................................................................................................ 10

IN THE TWELFTH DISTRICT COURT OF APPEALS
TYLER, TEXAS

DANIEL LEE KNOD,
Appellant

v.

THE STATE OF TEXAS,
Appellee

From the 7th District Court of Smith County, Texas
Trial Cause Number 007-0010-15

## STATE'S BRIEF

To the Honorable Court of Appeals:

Comes now the State of Texas, by and through the undersigned Assistant Criminal District Attorney, respectfully requesting that this Court overrule appellant's sole alleged issue and affirm the judgment of the trial court in the above-captioned cause.

## STATEMENT OF FACTS

Appellant has stated the essential nature of the proceedings and the evidence presented at trial (Appellant's Br. 2-3). In the interest of judicial economy,

any other facts not mentioned therein that may be relevant to the disposition of appellant's issue will be discussed in the State's argument in response.

SUMMARY OF ARGUMENT

The record of appellant's trial contains no evidence raising a "mistake" of a specific historical fact that, if true, would negate appellant's intent to deprive the owner of the property at issue. Appellant's argument is based merely on speculation as to what he may have been thinking when he stole a tire rim from Hall Truck Center. Even had appellant presented evidence supporting his alleged mistaken belief that the tire rim had been abandoned, his mistake was one of law rather than fact.

I. ISSUE: As no evidence introduced at appellant's trial for theft showed that he had labored under a mistaken belief the owner had abandoned the tire rim, the trial court did not err in refusing a jury instruction on the defense of mistake of fact.

STANDARD OF REVIEW

A trial court's decision not to include a defensive jury instruction is reviewed for an abuse of discretion, and this decision will be upheld on appeal if it is correct

4

under any theory of law applicable to the case. *Ingram v. State*, 261 S.W.3d 749, 752 (Tex. App.—Tyler 2008, no pet.). "It is well settled that an accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence." *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). "If the evidence viewed in a light favorable to appellant does not establish a mistake of fact defense, an instruction is not required." *Id.*

## ARGUMENT

In a single issue, appellant argues that the trial court erred in refusing to instruct the jury on the defense of mistake of fact (Appellant's Br. 4-16, App. A). "It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." Tex. Penal Code Ann. § 8.02(a) (West 2014). "Kind of culpability" means "culpable mental state," and appellant was thus entitled to an instruction on the defense of mistake of fact if there was evidence

5

that, through a mistake, he formed a reasonable belief about a matter of fact and his mistaken belief would negate his intent to deprive the owner of the tire rim (Clerk's R. at 2). *See* Tex. Penal Code Ann. § 31.03(a) (West 2014); *Celis v. State*, 416 S.W.3d 419, 430 (Tex. Crim. App. 2013). "'Reasonable belief' means a belief that would be held by an ordinary and prudent man in the same circumstances as the actor." Tex. Penal Code Ann. § 1.07(a)(42) (West 2014).

Here, appellant claims that he was entitled to an instruction on mistake of fact due to his mistaken belief that the personal property taken, a tire rim, had been abandoned (Appellant's Br. 6-10). The evidence introduced at trial, including video surveillance footage of the theft at the Hall Truck Center in Tyler (State's Ex. 5), showed that appellant and two others drove through the back gate of the property into the service area, which was surrounded by a perimeter fence topped with barbed wire, stopped in the employee parking lot near a trash dumpster, recycling bin, and scrap metal bin, removed an 18-wheeler tire rim from a pile of several other rims, and took off with it in the back of the vehicle as soon as they were spotted by an employee (VI Rep.'s R. at 50, 57-60, 107-110; State's Exs. 6-11).

Appellant then sold the tire rim for scrap seven minutes after leaving the property (VI Rep.'s R. at 137). The general manager of the truck center testified that appellant did not have permission to take the tire rim, the rear service area where the rim was being stored with several others was a secure area for employees only as evidenced by the barbed wire fence, and that the rims were not scrap but were reusable in the course of his business (*Id.* at 107-112, 114, 116). Nevertheless, appellant argues, the tire rim's proximity to the trash and recycling bins could lead one to "reasonably assume" that the rim was abandoned rubbish (Appellant's Br. 9).

Appellant's assertions are "based entirely upon speculation about what appellant might have been thinking or could have thought," but there is no evidence that supports a conclusion that appellant believed the tire rim had been abandoned. *See Mays v. State*, 318 S.W.3d 368, 382 (Tex. Crim. App. 2010). To raise the defense of mistake of fact, "evidence must be presented that the defendant through mistake formed a reasonable belief about a matter of fact and the mistaken belief would negate the culpable mental state required for commission

of the offense." *Lima v. State*, 107 S.W.3d 774, 777 (Tex. App.—Corpus Christi 2003, no pet.) (citing *Miller v. State*, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991)). "The defendant is not required to testify to raise the defense of mistake of fact and may rely on other evidence admitted at trial." *Id.* However, in appellant's case, as in *Lima*, "[n]ot a single witness testified, nor was any other evidence offered, regarding appellant's alleged mistaken belief." *Id.* While appellant took the tire rim from an area near a trash dumpster and recycling bin, the entire rear employee service area was surrounded by a gated barbed wire fence (VI Rep.'s R. at 109-110; State's Exs. 9-10). No witnesses testified that appellant stated or otherwise indicated to anyone that he was laboring under the mistaken belief the tire rim had been abandoned. *See White v. State*, 844 S.W.2d 929, 933 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd) (no evidence raising defense of mistake of fact even though, "nothing about the car that gave it the appearance of being stolen; that he was caught possessing the car two days after its theft; that he made no incriminating statements; that he was driving the car with its key; and that photos of the car's owners, present in the car at the time of its theft, were not found in the

car when appellant was arrested."); *Mayfield v. State*, 848 S.W.2d 816, 817 (Tex. App.—Corpus Christi 1993, pet. ref'd) ("Since there was no evidence that appellant mistakenly believed the building was open to the public, he was not entitled to a defensive charge on mistake of fact."); *Williams v. State*, 796 S.W.2d 793, 800 (Tex. App.—San Antonio 1990, no pet.) ("The difficulty with appellant's position is that there is no evidence he saw the sign and formed a reasonable belief that the area of the store he entered was opened to the public, and that the mistaken belief negated any intent to commit theft.").  As there was no evidence that appellant labored under any mistake of fact, the trial court did not err in failing to so charge the jury.  *Lasker v. State*, 573 S.W.2d 539, 542 (Tex. Crim. App. 1978).

Even had appellant presented evidence of his alleged mistaken belief that the tire rim was abandoned, this mistake would be a mistake of law.  *See Ingram*, 261 S.W.3d at 754.  "If a person trespasses onto real property and takes possession of abandoned personal property, such an act is wrongful and no title to the property is created in him."  *Id.*  Here, as in *Ingram*, it is not contested that appellant entered onto the land and took the personal property at issue without permission from the

9

owner. Even if the tire rim had been abandoned, "appellant would not have been lawfully entitled to take possession of it," because the owner of the land possessed a greater right to the rim. *See id.* As appellant intended to take the tire rim for himself from the real property of another, but claims that he did not know such a taking was illegal, his mistake was one of law, not fact. *See id.*; Tex. Penal Code Ann. § 8.03 (West 2014). Therefore, the trial court did not err in refusing an instruction on mistake of fact, and appellant's first issue should be overruled.

PRAYER

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that the Court overrule appellant's sole alleged issue and affirm the judgment of the 7th District Court of Smith County, Texas, in the above-captioned cause.

Respectfully submitted,

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

/s/ Aaron Rediker
Aaron Rediker
Assistant District Attorney

10

SBOT #:  24046692

100 North Broadway, 4th Floor

Tyler, Texas 75702

Office:  (903) 590-1720

Fax:  (903) 590-1719 (fax)

arediker@smith-county.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned attorney certifies that the word count for this document is 1,484 words as calculated by Microsoft Word 2013.

/s/  Aaron Rediker

Aaron Rediker

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of September 2015, the State's Brief in the above-numbered cause has been electronically filed, and a legible copy of the State's Brief has been sent by email to A. Reeve Jackson, attorney for appellant, at JLawAppeals@gmail.com.

/s/  Aaron Rediker
Aaron Rediker