Walker v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-047-CR

DONALD WAYNE WALKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 97
TH
 DISTRICT COURT OF MONTAGUE COUNTY

------------

OPINION

------------

Introduction

Donald Wayne Walker appeals his convictions for evading arrest and endangering a child.  In three points on appeal, appellant contends that the trial court erred in denying his request for the submission of a lesser included offense, the evidence was insufficient to sustain the conviction for child endangerment, and the evidence was insufficient to prove enhancement under the habitual offender statute.  We will affirm.

Background

At about 2:00 a.m. on June 28, 2000, Officer Jason Couch was dispatched to Highway 287 outside of Bowie.  Dispatch directed Officer Couch to assist law enforcement officials in locating a “gas drive-off.”  The dispatch report described the suspect’s vehicle as an older model blue-over-white GMC pickup headed southbound on 287.  After about five minutes, the vehicle passed Officer Couch’s location.  Following close behind the truck, Officer Couch verified the pickup’s license plate number and attempted to stop it.  However, the driver refused to stop and accelerated.  To get the driver’s attention, Officer Couch hit his siren twice.  The pickup continued to accelerate and Officer Couch pursued it at speeds of up to eighty-five miles per hour. 

The pursuit continued for about two miles.  The driver missed the turnoff for Highway 59, but went ahead and made a right-hand turn.  He crossed the grassy median and entered the exit ramp.  However, due to the speed of the vehicle, it ended up in the bar ditch.  Officer Couch drew his firearm and instructed the driver, later identified as appellant, to get out of the vehicle.  Instead, appellant attempted to back out of the ditch.  The escape was unsuccessful, and appellant surrendered without further incident.  Five people exited the truck including an infant.

As a result of the chase and ensuing accident, appellant was charged with evading arrest and endangering a child.  A jury found him guilty of both offenses.  
The State sought enhancement of appellant’s punishment, and the jury found that appellant had been previously convicted of two prior felony offenses.  The jury assessed punishment at fifteen years’ confinement and a $7,500 fine for each count of the indictment.  This appeal followed. 

Lesser Included Offense

In his first point, appellant argues that the court erred in denying his request for submission of a jury instruction on the lesser included offense of fleeing or attempting to elude a peace officer.  
To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis.  
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to decide whether the offense is a “lesser included offense” as defined in article 37.09 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981); 
Moore
, 969 S.W.2d at 8.  
A lesser included offense is defined both in terms of the offense charged and the facts of the case:  “An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.”  
Tex. Code Crim. Proc. Ann
.
 art. 37.09(1).  Therefore, our analysis of whether an offense is a lesser included offense of the charged offense must be made on a case-by-case basis.  
Bartholomew v. State
, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994); 
Day v. State
, 532 S.W.2d 302, 315-16 (Tex. Crim. App. 1976) (op. on reh’g).  It does not matter if the charged offense can be established on a theory that does not contain the lesser offense; the issue is whether proof of the charged offense, in 
this
 case, actually included proof of the lesser included offense as defined in article 37.09. 
 Schweinle v. State,
 915 S.W.2d 17, 18 (Tex. Crim. App. 1996); 
Broussard v. State
, 642 S.W.2d 171, 173 (Tex. Crim. App. 1982). 

The second step requires an evaluation of the evidence to determine whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense, and not of the greater. 
 Lofton v. State
, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001);
 Moore
, 969 S.W.2d at 8.  
The evidence must be evaluated in the context of the entire record.  
Moore
, 969 S.W.2d at 8.  There must be some evidence from which a rational jury could acquit the defendant on the greater offense while convicting him of the lesser included offense.  
Id.  
The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence.  
Id.
  If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference regarding the aggravating element, the jury should be charged on the lesser included offense. 
 Schweinle
, 915 S.W.2d at 19; 
Saunders v. State
, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).
 

A person commits the greater offense of evading arrest if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him.  
Tex. Penal Code Ann.
 § 38.04(a) (Vernon Supp. 2003).  A person commits the lesser offense of fleeing or attempting to elude a peace officer “if the person operates a motor vehicle and wilfully fails or refuses to bring the vehicle to a stop or flees, or attempts to elude, a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop.”  
Tex. Transp. Code Ann. 
§ 545.421(a) (Vernon 1999).  The pursuing officer must be in uniform, prominently displaying his badge, and driving an appropriately marked police vehicle.  
Id
. § 545.421(b). 

Here, the indictment charged that appellant did “intentionally flee from Jason Couch, a person the Defendant knew to be a police officer lawfully attempting to arrest or detain the Defendant, and the Defendant used a vehicle in said flight.”  In proving that appellant evaded arrest, the State established that appellant failed to stop his vehicle after being given an audible signal to do so by an officer in uniform, displaying his badge, and driving a properly marked police car.  Thus, the only difference between the two statutes as applied to the facts of this case is the element of evading arrest that requires appellant’s knowledge that the officer was attempting to lawfully arrest or detain him.  Accordingly, because the elements of fleeing or attempting to elude a peace officer are included within the proof necessary to establish evading arrest, fleeing or attempting to elude a peace officer is a lesser included offense of evading arrest.  
Broussard
, 642 S.W.2d at 173.  

Having found that the offense of fleeing or attempting to elude a peace officer is a lesser included offense of the offense of evading arrest under the facts of this case, we must determine whether the evidence would permit a jury to find appellant guilty only of the lesser included offense.  Appellant, while operating a motor vehicle, refused to obey the signal to stop the vehicle given by a uniformed peace officer in a marked police vehicle within minutes of stealing gas.  A rational juror could have found that, in failing to stop his vehicle when he was given the signal to do so after stealing gas, appellant intentionally and knowingly fled from a person he knew to be a peace officer attempting to lawfully arrest or detain him.  The record contains no evidence negating appellant’s knowledge that Officer Couch was attempting to lawfully arrest or detain him.  Because the evidence fails to negate the knowledge element of the offense of evading arrest, we conclude that a rational juror could not find appellant guilty only of the lesser included offense of fleeing or attempting to elude a peace officer.  Therefore, the trial court did not err in failing to include an instruction on the lesser included offense.  We overrule appellant’s first point.

Sufficiency of the Evidence

In point two, appellant argues that the evidence is insufficient to sustain his conviction for child endangerment.  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict.  
Cardenas v. State, 
30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).  The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
McDuff v. State
, 939 S.W.2d 607, 614 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). 

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
 verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id.
 at 8-9; 
Clewis,
 922 S.W.2d at 136.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

Under section 22.041(c) of the penal code, a person commits the offense of child endangerment “if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child younger than 15 years in imminent danger of death, bodily injury, or physical or mental impairment.”  
Tex. Penal Code Ann
. § 22.041(c) (Vernon Supp. 2003).  Appellant contends that to prove the commission of this offense it is not enough for the State to merely show that a person intentionally or knowingly “engages in conduct” that places a child in imminent danger; instead, he asserts that the State has the burden of proving that he intentionally or knowingly places the child in imminent danger.  We disagree.  

If the language of a statute is unambiguous, we are to give effect to its plain meaning unless doing so would lead to an absurd result.  
Mosley v. State
, 983 S.W.2d 249, 256 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  The language of section 22.041(c) is unambiguous and expresses a clear legislative intent that a person commits the offense of child endangerment if he intentionally or knowingly “engages in conduct” that places a child in imminent danger of death, bodily injury, or physical or mental impairment.  The statute does not require proof that the person intend or know that his conduct places the child in such imminent danger.  
Contreras v. State
, 54 S.W.3d 898, 905-06 (Tex. App.—Corpus Christi 2001, no pet.).  
To interpret the statute in such a manner would require us to give it a meaning its language does not support.
(footnote: 1)  We refuse to do this.  

The evidence in this case shows appellant intentionally fled from Officer Couch with the child and that, in an effort to evade the officer, drove through a ditch; ran a stop sign; failed to negotiate a ninety-degree turn; drove at speeds of up to eighty-five miles per hour; ran through a highway intersection without stopping for crossing traffic; and wrecked the vehicle in a ditch on the other side of the highway.  This conduct was done intentionally and knowingly and placed the child in imminent danger of death, bodily injury, or physical or mental impairment.  Therefore, the evidence is both legally and factually sufficient to support the verdict.  We overrule appellant’s second point.

Prior Conviction

In his third point, appellant alleges that the evidence was insufficient to enhance his punishment under the habitual offender statute because one of his prior convictions used for enhancement purposes was void.  The judgment at issue sentenced appellant to 473 days in county jail as per section 12.44 of the Texas Penal Code.  However, apparently discovering that this length of time was beyond the punishment range for a Class A misdemeanor, the trial court interlineated the handwritten notation of 365 days in the county jail and struck through the number “473" in two places on the judgment.  Appellant contends that because he was sentenced to an unauthorized punishment, i.e.,473 days rather than the maximum of one year,
(footnote: 2) the sentence was void and the conviction invalid.  If this were true, the prior conviction could not be used to enhance either his evading arrest or child endangerment convictions.  
Stapleton v. State
, 671 S.W.2d 724, 725 (Tex. App.—Houston [1
st
 Dist.] 1984, no pet.).

In considering any claim that a judgment is void, the court should indulge every presumption in favor of the regularity of the documents in the trial court.  
Nichols v. State
, 511 S.W.2d 945, 947-48 (Tex. Crim. App. 1974).  The “presumption of regularity” must prevail unless the procedural requirements affirmatively appear in the record to have been violated.  
Id
.  

In this case, the interlineation was clearly meant to change the sentence recorded on the judgment from 473 days to 365 days.  Since the intent of the judgment is clear, and its validity is presumed, appellant’s prior judgment is not void.  Therefore, we overrule point three.

Conclusion

Having overruled each of appellant’s points, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

PUBLISH

[Delivered November 27, 2002]

FOOTNOTES
1:
We recognize that the Austin Court of Appeals has noted in dicta that endangering a child is a “result of conduct” crime.  
Millslagle v. State
, 81 S.W.3d 895, 897 n.1 (Tex. App.—Austin 2002, pet. filed).  In reaching this conclusion, however, we believe the court ignored the plain language of the statute and mistakenly relied on 
Beggs v. State
, a decision of the court of criminal appeals interpreting a different statute.  
Id
.; 
see Beggs v. State
, 597 S.W.2d 375, 377 (Tex. Crim. App. [Panel Op.] 1980). 
 
In 
Beggs
, 
the court of criminal appeals construed the predecessor to section 22.04, the injury to a child statute, in light of the statute’s legislative history.  
597 S.W.2d at 377.
  
Because section 22.04 and section 22.041(c) are separate and distinct offenses, 
Beggs
 and its rationale is inapplicable.  

2:
Section 12.21 states that a Class A misdemeanor shall be punished by confinement in jail for a term not to exceed one year.  
Tex. Penal Code Ann.
 § 12.21 (Vernon 1994).