NO. 12-03-00117-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
MICHAEL LARON FARMER,                         §                 APPEAL FROM THE 173RD
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 HENDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Michael Laron Farmer (“Appellant”) was convicted for evading arrest. Appellant raises two
issues on appeal. We reverse and remand. 
 
BackgroundIn the early morning hours of December 6, 2001, Officer Daniel Abrams (“Abrams”) of the
Athens Police Department arrested Appellant for evading arrest or detention. Appellant was indicted
for the offense, a state jail felony, pleaded not guilty, and proceeded to trial before a jury. 
            At trial, Abrams testified that he was on stationary patrol in a marked vehicle, parked on the
north side of the Henderson County courthouse in Athens. While parked, he witnessed Appellant
stopping at a red light at the intersection of Highways 19 and 31. At the next traffic light, Appellant
stopped for a few seconds, then disregarded the red light and proceeded through the intersection,
making a left turn. 
            Abrams stated that he initiated his emergency lights and began pursuing the vehicle. 
According to Abrams, Appellant made a couple of turns and then accelerated. Appellant failed to
stop at a four-way stop sign and turned left onto Edmonson Street. After traveling about a half 
block west on Edmonson, Appellant pulled his vehicle to the side of the road and stopped. Abrams,
in uniform, approached the vehicle with his gun drawn and ordered Appellant to get out of the car
and onto the ground on his stomach. He took Appellant into custody without incident. Appellant
commented after Abrams arrested him that he “just didn’t need another ticket.” On cross-examination, Abrams admitted that various buildings could have blocked Appellant’s view at two
of the intersections through which Appellant drove.
            Appellant testified on his own behalf. He admitted he saw a patrolling police car in motion
near the intersection of State Highways 19 and 31. Realizing he had a broken taillight, he was
concerned he might be issued a ticket if the officer noticed his taillight. Appellant stopped at a red
light, and, seeing no traffic, proceeded through the intersection before the light turned green. 
Appellant then outlined the turns he made in his effort to avoid being seen by the officer. He stated
that he stopped at each stop sign and gave the appropriate turn signal for each turn. His last turn was
onto Edmonson Street. After traveling a short distance, Appellant observed a police car’s lights
some distance behind him. Appellant stopped at this point and began to retrieve his license and
insurance information. Appellant expressed surprise and dismay that the officer approached him
with his gun drawn. 
            Appellant denied attempting to run from the officer or evade him. He testified that he
stopped to wait on the officer as soon as he first saw the officer’s emergency lights. Appellant
denied driving any faster than 45 miles per hour even though Abrams surmised Appellant’s speed
to be in the 70-miles-per-hour range. He denied seeing the emergency lights or hearing a siren on
the patrol car prior to the time he stopped. He claimed he did not realize Abrams was pursuing him
until after he turned on Edmonson.  
            After both parties closed, Appellant objected to the court’s charge and requested submission
of the lesser included misdemeanor offense of fleeing or attempting to elude a peace officer. The
trial court denied the request, and the jury found Appellant guilty of evading arrest or detention as
indicted. The trial court sentenced Appellant to confinement for twelve months, probated for two
years. Appellant filed a motion for new trial, and the trial court held a hearing, taking the matter
under advisement. However, the court did not rule on the motion, and consequently, it was overruled
by operation of law. This appeal ensued. 
 
Jury Charge
            In his first issue, Appellant asserts the trial court erred by denying his request for a jury
instruction on the lesser included offense of fleeing or attempting to elude a peace officer.



Applicable Law
            When determining whether, as Appellant contends, the jury should have been charged on the
offense of fleeing or attempting to elude a peace officer, we apply a two-step analysis. See Moore
v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). 
            First, we decide whether the offense is a lesser included offense as defined in article 37.09
of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 1981); Moore,
969 S.W.2d at 8. A lesser included offense is defined according to the terms of the offense charged
as well as the facts of the case: “An offense is a lesser included offense if . . . it is established by
proof of the same or less than all of the facts required to establish the commission of the offense
charged.” Tex. Code Crim. Proc. Ann. art. 37.09(1). Accordingly, our analysis must be made on
a case-by-case basis. Bartholomew v. State, 871 S.W.2d 210, 212 (Tex. Crim. App. 1994). 
            The second step of our analysis requires us to evaluate the evidence to determine whether
there is some evidence that would permit a rational jury to find that the defendant is guilty only of
the lesser offense, and not of the greater. Lofton v. State, 45 S.W.3d 649, 651 (Tex. Crim. App.
2001); Moore, 969 S.W.2d at 8. The evidence must be evaluated in light of the entire record. Id. 
In our evaluation of the record, we must find some evidence from which a rational jury could acquit
the defendant on the greater offense, while convicting him of the lesser included offense. Id. We
may not consider whether the evidence is credible, controverted, or in conflict with other evidence. 
Id. If there is any evidence from any source that negates or refutes the element establishing the
greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference
regarding the element at issue, the jury should be charged on the lesser included offense. Schweinle
v. State, 915 S.W.2d 17, 18 (Tex. Crim. App. 1996).
Analysis
            A person commits the offense of evading arrest if he intentionally flees from a person he
knows is a peace officer attempting to lawfully arrest or detain him. See Tex. Pen. Code Ann.
§ 38.04(a) (Vernon Supp. 2003). A person commits the offense of fleeing or attempting to elude a
police officer if he operates a motor vehicle and wilfully fails or refuses to bring the vehicle to a stop
or flees, or attempts to elude, a pursuing police vehicle when given a visual or audible signal to bring
the vehicle to a stop. Tex. Transp. Code Ann. § 545.421(a) (Vernon 1999); Walker v. State, 95
S.W.3d 516, 519 (Tex. App.—Fort Worth 2003, pet. ref’d). The pursuing officer must be in
uniform, displaying his badge, and driving an appropriately-marked police vehicle. Tex. Transp.
Code Ann. § 545.421(b); Walker, 95 S.W.3d at 519. 
            Lesser Included Offense
            In the first part of our analysis, the critical issue is whether proof of the offense charged,
evading arrest, actually included proof of fleeing or attempting to elude a peace officer. See Walker,
95 S.W.3d at 519 (citing Schweinle, 915 S.W.2d at 18). In Walker, the court concluded that the only
difference between the two statutes, as applied to the facts before it, is the element of evading arrest
that requires the person’s knowledge that the officer was attempting to lawfully arrest or detain him. 
Walker, 95 S.W.3d at 519. Consequently, the court concluded, because the elements are included
within the proof necessary to establish evading arrest, fleeing or attempting to elude a peace officer
is a lesser included offense of evading arrest. Id. Walker is factually indistinguishable from the case
at hand. Therefore, in this case, we likewise conclude that fleeing or attempting to elude a peace
officer is a lesser included offense of evading arrest.
            Evidence at Trial
            We must now determine whether the evidence would permit a jury to find Appellant guilty
only of the lesser included offense.
            At trial, Appellant denied driving excessive rates of speed, explaining why it was impossible
for his older-model diesel truck to accelerate in the manner Abrams described. Abrams testified that
he did not track Appellant’s speed on his radar. He also stated his video equipment malfunctioned
and did not begin taping until the time he handcuffed Appellant. Abrams admitted that Appellant
stopped the vehicle of his own accord, i.e., a road block was not established nor did the officer shoot
out the tires of Appellant’s vehicle. He also noted that Appellant was cooperative and that he was
able to make the arrest “without incident.” Finally, Abrams conceded that Appellant’s view could
have been blocked by buildings at two of the intersections through which Appellant passed. This
evidence, if believed by the jury, negates the knowledge element of evading arrest. Therefore, a
rational jury could have found Appellant guilty of only the lesser included offense of fleeing or
attempting to elude a peace officer. Because the evidence is more than a scintilla, Appellant was
entitled to a submission on the lesser included offense. See Bignall v. State, 887 S.W.2d 21, 23
(Tex. Crim. App. 1994). Consequently, we sustain Appellant’s first issue.
 
Disposition
            Having sustained Appellant’s first issue, we reverse the trial court’s judgment and remand
the case for a new trial. Because Appellant’s first issue is dispositive, we need not address his
second issue. Tex. R. App. P. 47.1.
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered July 14, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
(DO NOT PUBLISH)