NUMBER 13-05-025-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

DAVID TYLER KLAPUCH,                                          Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                   On
appeal from the 36th District Court

                        of San Patricio County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION

 

                   Before
Justices Hinojosa, Yañez, and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, David Tyler Klapuch, was charged with evading arrest or detention.  See Tex.
Pen. Code Ann. ' 38.04 (Vernon
2003).  A jury found appellant guilty,
and the trial court assessed punishment at confinement for eighteen months in
the Texas Department of Criminal Justice-State Jail Division and a fine of
$500.[1]  The trial court granted appellant=s application for
community supervision and placed appellant on probation for four years.  The trial court has certified that this case Ais not a plea bargain
case, and the defendant has the right of appeal.@  See
Tex. R. App. P. 25.2(a)(2).  Through his sole issue, appellant contends
the trial court erred in failing to submit to the jury the lesser included
offense of fleeing or attempting to elude a police officer.  See Tex.
Transp. Code Ann. ' 545.421(a) (Vernon
1999).  We affirm.

I.  Background

All issues of law presented by this case are well settled, and the
parties are familiar with the facts. 
Therefore, we will not recite the law or the facts except as necessary
to advise the parties of the Court=s decision and the
basic reasons for it.  See Tex. R. App. P. 47.4.

II.  Lesser Included Offense

Appellant contends the trial court erred in refusing his request for
submission of a jury instruction on a lesser included offense.  Appellant asserts that fleeing or attempting
to elude a police officer is a lesser included offense of evading arrest or
detention and that a rational jury could have found him guilty of the lesser
included offense.








A.  Standard of Review

On appeal, when evaluating whether a charge on a lesser included
offense is warranted, we apply a two-prong test.  Threadgill v. State, 146 S.W.3d 654,
665 (Tex. Crim. App. 2004) (en banc) (citing Feldman v. State, 71 S.W.3d
738, 750 (Tex. Crim. App. 2002)).  We
first determine whether the offense is actually a lesser included offense of
the offense charged.  Id.; see
Tex. Code Crim. Proc. Ann. art.
37.09 (Vernon 1981) (providing that an offense is a lesser included offense if
it is established by proof of the same or less than all the facts required to
establish the commission of the offense charged); see also Moore v.
State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998) (explaining that the lesser
included offense must be included within the proof necessary to establish the
offense charged).  Next, we review the
entire record to determine whether it contains some evidence that would permit
a rational jury to find that the defendant is guilty only of the lesser
included offense.  Threadgill, 146
S.W.3d at 665 (citing Feldman, 71 S.W.3d at 750).  We may not consider whether the evidence is
credible, controverted, or in conflict with other evidence.  Moore, 969 S.W.2d at 8.  Any evidence that the defendant is guilty
only of the lesser included offense is sufficient to entitle the defendant to a
jury charge on the lesser included offense. 
Id. (citing Bignall v. State, 887 S.W.2d 21, 23 (Tex.
Crim. App. 1994)).








B. 
Analysis

1.  First
Prong

The State does not dispute that fleeing or
attempting to elude a police officer is a lesser included offense of evading
arrest or detention.  See Tex. Pen. Code Ann. ' 38.04(a) (Vernon
2003) (providing that a person commits the offense of evading arrest or
detention Aif he intentionally
flees from a person he knows is a peace officer attempting to lawfully arrest
or detain him@); Tex. Transp. Code Ann. ' 545.421(a) (Vernon
1999) (stating that a person
commits the offense of fleeing or attempting to elude a police officer Aif the person operates
a motor vehicle and wilfully fails or refuses to bring the vehicle to a stop or
flees, or attempts to elude, a pursuing police vehicle when given a visual or
audible signal to bring the vehicle to a stop@).  The
only difference between the two statutes, relevant to the facts of the present
case, is the requirement in the greater offense that appellant have knowledge
that the officer was attempting to lawfully arrest or detain him.  See Walker v. State, 95 S.W.3d 516,
519 (Tex. App.BFort Worth 2002, pet.
ref=d).  Because the elements of fleeing or attempting
to elude a police officer are included within the proof necessary to establish
the offense of evading arrest or detention, the first prong of the two-part
test is satisfied, making fleeing or attempting to elude a police officer a
lesser included offense of evading arrest or detention.  See Moore, 969 S.W.2d at
8; see also Tex. Code Crim. Proc.
Ann. art. 37.09 (Vernon 1981).








2.  Second
Prong

Therefore, we need only determine whether there
is some evidence in the record that would allow a rational jury to find
appellant guilty only of the lesser included offense.  Threadgill, 146 S.W.3d at 665
(citing Feldman, 71 S.W.3d at 750). 
In order for appellant to be entitled to an instruction on the lesser
included offense of fleeing, there must be some evidence that he did not know
that the officer was attempting to lawfully arrest or detain him.  See id.; Walker, 95 S.W.3d at
519.

The record establishes that: (1) appellant drove
a vehicle in excess of eighty miles per hour in a fifty-five mile per hour construction
zone, which initiated Officer Jonathan Quade=s pursuit of appellant on Highway 181; (2)
Officer Quade of the Portland Police Department pursued appellant with his
police car=s overhead lights and
siren activated, both on and off Highway 181; (3) during the pursuit appellant
drove through at least two red lights and a four-way stop; (4) during the pursuit
appellant also swerved his vehicle in the direction of another police car with
its emergency lights activated; and (5) appellant continued to evade Officer
Quade until he finally decided to stop his vehicle in Gregory, Texas.  








Based on our review of the entire record, we
conclude that a rational jury could find that appellant intentionally fled
knowing that the officer was attempting to lawfully arrest or detain him.  See id.; see also Tex. Pen. Code Ann. ' 38.04(a) (Vernon
2003).  We also conclude that,
based on the facts specific to the instant case, there was no evidence to allow
a rational jury to find appellant guilty only of the lesser included offense of
fleeing or attempting to elude a police officer.  See Threadgill, 146 S.W.3d at
665 (citing Feldman, 71 S.W.3d at 750); see also Tex. Pen. Code Ann. ' 38.04(a) (Vernon
2003); Tex. Transp. Code Ann.
' 545.421(a) (Vernon
1999).  Therefore, the trial court did
not err in refusing to include an instruction on the lesser included
offense.  We overrule appellant=s sole issue.      

III. 
Conclusion

Accordingly, we affirm the judgment of the trial
court.

 

 

NELDA V. RODRIGUEZ

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and 

filed
this 3rd day of November, 2005.

 











[1]Evading arrest or detention is a
Class B misdemeanor.  Tex. Pen. Code Ann. '
38.04(b) (Vernon 2003). However,
the level of the offense rises to a state jail felony if, as in the present
case, the actor uses a vehicle while in flight and the actor has not been
previously convicted under this section of the Texas Penal Code.  Id. '
38.04(b)(1).