IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1984-06






QUANELL X ABDUL FARRAKHAN, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


IN CAUSE NO. 01-04-01205-CR FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY






Holcomb, J., delivered the opinion of the Court, in which Meyers, Womack, Johnson,
and Cochran, JJ., joined. Keller, P.J., Price, Keasler, Hervey, JJ., concurred.


O P I N I O N 

 In this case, we must determine whether the court of appeals erred in holding that the
misdemeanor offense of fleeing (1) is not a lesser-included offense of the felony offense of evading
detention with a motor vehicle. (2) We affirm.

Background (3)

 Appellant was indicted for the state felony offense of evading detention by the use of a motor
vehicle. On November 15, 2004, he was tried before a Harris County petit jury. At the close of the
evidence, at the State's request and over appellant's objection, the trial court charged the jury on the
misdemeanor offense of fleeing or attempting to elude a police officer as a lesser-included offense
of evading detention. The jury convicted appellant of the lesser offense of fleeing, thus implicitly
acquitting him of the greater offense of evading detention. (4)

 On direct appeal, appellant raised four issues, only one of which is relevant to our review:
that the trial court erred when it charged the jury on the allegedly lesser-included offense of fleeing
or attempting to elude a police officer. The court of appeals, relying primarily on our decisions in
Jacob v. State, 892 S.W.2d 905 (Tex. Crim. App. 1995), and Hayward v. State, 158 S.W.3d 476
(Tex. Crim. App. 2005), held that the trial court erred in charging the jury on the lesser-included
offense. Farrakhan, 2006 Tex. App. LEXIS at *52. The court then applied the egregious-harm
standard of Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1984), (5) and held that appellant had
been harmed by the trial court's error because "[t[he jury acquitted appellant of the charged offense
and convicted him of an offense with which the jury should not have been charged because that
offense was not a lesser-included offense." Farrakhan, 2006 Tex. App. LEXIS at *54. It therefore
reversed the judgment of the trial court and remanded the cause to that court with instructions to
dismiss the indictment. Id. at *54-55.

 We granted review to consider the following issues: (1) can the offense of fleeing or
attempting to elude a police officer, under Transportation Code Section 545.421, be a lesser-included
offense of evading detention, under Penal Code Section 38.04; and (2) whether the court of appeals
erred in holding that fleeing or attempting to elude a police officer was not a lesser-included offense
of evading detention in this case and that the trial court therefore should not have submitted an
instruction authorizing the jury to convict appellant of fleeing. (6)

Discussion

 The State concedes that in light of this Court's decision in Hall, much of the court of appeals'
analysis was correct. State's Brief at 10. Specifically, the State concedes that the court of appeals
was "clearly correct in holding that courts should compare the elements of the lesser offense to the
elements of the greater offense as modified by the charging instrument." Id. at 12. It argues,
however, that while Hall clarified what should be compared in determining whether an offense is
the lesser-included offense of the charged offense, it does not clarify how the comparison should be
made. Id. at 13. In the rest of its brief then, the State suggests that we adopt the language of the
Jacob court and require the courts to "examine the elements of the lesser offense and decide whether
they are 'functionally the same or less than those required to prove the charged offense.'" Id. (citing
Jacob, 892 S.W.2d at 908 (emphasis added)). The State admits that this Court did not discuss
functional equivalence in Hall, but argues that "there is no reason to abandon this part of the Jacob
analysis." Id. at 20 n.11. It claims that "[s]ince the question of functional equivalence can be
determined prior to trial with reference only to the relevant statutes and the charging instrument,
none of the constitutional notice issues that concerned the Court are in play." Id.

 But in attempting to show "How and Why Misdemeanor Fleeing is a Lesser Included Offense
of Evading Detention in this Case," id. at 14 (emphasis added), the State goes on to discuss the
evidence it presented at trial. See id. at 15-17. Based on this discussion, the State concludes, "Since
the essential difference in the context of the pleadings in this case is that the misdemeanor offense
did not require proof of flight, while the felony offense did, proof of the lesser was made by proof
of facts functionally the same or less than those required to prove the lesser [sic]." Id. at 17
(emphasis added). The State then goes on to show such functional equivalence by, again, referring
to the facts presented at trial. (7)

 Thus, the State appears to be trying to bring in those facts through the back door, so to speak,
even though we had clearly stated in Hall that such facts were not to be considered in the first step
of the lesser-included-offense analyses. 225 S.W.3d at 536 ("Applying the first step of the lesser
included-offense [sic] analysis . . . , we do not consider the evidence that was presented at trial."). 
It is only after the alleged lesser offense passes the scrutiny under the first step of the analysis that
we then proceed to the second step of "determining whether the evidence at trial supports giving one
of [the] predetermined lesser-included offense instructions." Id. at 531. (8) As we noted in Hall,

 To hold otherwise would be contrary to the better analysis of the statute and might
run afoul of the requirements of due process by making it impossible to know before
trial what lesser offenses are included within the indictment, yet making it possible
at the end of the trial to convict for any offense that was incidentally shown by the
evidence.


225 S.W.3d at 537. Nothing in the Jacob court's use of the functional-equivalence concept was
contrary to the lesser-included-offense analysis that we clearly delineated in Hall, which is made by
comparison of the elements of the offenses without reference to the evidence presented at trial.

Conclusion


 The court of appeals determined that fleeing was not a lesser-included offense of evading
detention as the latter was charged in the present case. When it used the term "functional
equivalence," the court employed the same two-step method of conducting such lesser-included-offense analyses in its opinion that we described in Hall shortly thereafter. Thus, it reached the same
result that Hall would have mandated. We, therefore, affirm the judgment of that court.


DELIVERED: MARCH 12, 2008.

PUBLISH

1. Tex. Transp. Code § 545.421(a).
2. Tex. Pen. Code § 38.04(a), (b)(1).
3. The facts of this case are not pertinent to the legal issue before us. We adopt the court of
appeals' opinion to present the following information to the interested reader. See Farrakhan v.
State, No. 01-04-01205-CR, 2006 Tex. App. LEXIS 10317, at *2-8 (Tex. App.-- Houston [1st
Dist.] Nov. 30, 2006). On June 9, 2002, Derrick Forney shot a Houston Police Department
(HPD) officer. The HPD searched for Forney, but to no avail. Two years later, appellant
Quanell X Abdul Farrakhan, a community activist, arranged with the HPD to bring Forney to the
HPD's Travis headquarters on June 11, 2004. Appellant had assisted the HPD with the peaceful
surrender of at least 15 suspects in the past. The arrangement for bringing in Forney was
consistent with that instituted by a prior chief of police for appellant to bring in such suspects. 
But there was a breakdown in communication in this case because the procedure had never been
written down, the current chief of police was out of town, and both McClelland (the acting chief
of police) and Detective Abbondandolo (of HPD's homicide division and the lead detective on
Forney's case) were unaware of the procedure.


 Detective Abbondandolo, accompanied by a partner, arrived at the designated intersection
in an unmarked police vehicle. He led eight other officers in four unmarked police vehicles. The
detective decided to "just follow" appellant's vehicle to ensure that he drove to the Travis police
headquarters. But he became concerned when appellant seemed to be driving away from the
headquarters and towards an area where Forney's acquaintances were known to reside. He
started radioing patrol units and the officers he was leading for assistance. But then, appellant
made an abrupt u-turn over a concrete median and started to head back towards the headquarters. 
The detective still felt concerned, however, and his partner signaled to an officer in a marked
patrol unit, which happened to be passing by, to stop appellant's vehicle. The lead detective also
tried to contact that officer over the radio but, unbeknownst to him, the officer was using a
different radio frequency. Thus, the officer had no idea what was going on as he desperately
tried to stop appellant by turning on his lights and activating his siren "several times."


 It is undisputed that appellant did not exceed the speed limit nor drive erratically, that he
had his flashers on for at least some of the time, and that he continued slowly in the general
direction of the police headquarters. It is also undisputed that appellant tried to contact the police
chief and was connected to McClelland, the acting chief. Appellant was said to be very excited
as he told McClelland that he was trying to bring in the suspect but that "trigger happy killer
cops" were "all over him," that they were "going to create an incident," and that "this was not
part of the deal." According to an officer's testimony, McClelland told appellant to slow down
his vehicle and "to keep coming," but never expressly told appellant to stop or to pull over, even
though he heard a continuous police siren in the background during appellant's call. Instead,
McClelland told appellant that he "would find out what officers were following him and give
them instructions to allow him to peacefully surrender at the" Travis headquarters. McClelland
then tried to do just that but the officers stopped appellant before he could contact them. Forney
was arrested without incident and, apparently later that day, appellant was also arrested for
evading arrest or detection.

4. See Tex. Code Crim. Proc. art. 37.14:


 If a defendant, prosecuted for an offense which includes within it lesser
offenses, be convicted of an offense lower than that for which he is indicted, and a
new trial be granted him, or the judgment be arrested for any cause other than the
want of jurisdiction, the verdict upon the first trial shall be considered an acquittal
of the higher offense.
5. The court of appeals reasoned:


 Although appellant objected to the submission of the lesser-included offense before
the jury was charged, he did not do so on the basis that we have addressed (the first
step of the [Rousseau v. State, 855 S.W.2d 666 (Tex. Crim. App. 1993)] lesser-included-offense test, which he raised for the first time after trial), arguing instead
that no evidence showed commission of only the lesser-included offense (the second
step of the Rousseau lesser-included-offense test). Accordingly, we review for
egregious harm.


Farrakhan, 2006 Tex. App. LEXIS at *52-53.
6. We note that we had also granted review on two other issues: (1) whether the court of
appeals erred in holding that this Court's opinion in Cunningham v. State, 726 S.W.2d 151 (Tex.
Crim. App. 1987), cannot be reconciled with its opinions in Jacob and Hayward; and (2) 
whether the court of appeals erred in declining to follow Walker v. State, 95 S.W.3d 516 (Tex.
App.-- Fort Worth 2002, pet. ref'd), in which the Fort Worth court of appeals had expressly held
that fleeing or attempting to elude a police officer was a lesser-included offense of evading arrest. 
The State concedes, however, that in light of this Court's decision in Hall v. State, 225 S.W.3d
524 (Tex. Crim. App. 2007), which "expressly disapproved of Cunningham and other cases
employing a cognate evidence mode of analysis," which was also employed by Walker, the court
of appeals did not err in these respects. State's Brief at 21 n.12. See also id. at 12 n.8.
7. See, e.g., State's Brief at 19:


 Proof that a uniformed police officer attempted to stop a person by using the
emergency lights and siren of his officially marked police car as is generally required
under the Transportation Code is functionally equivalent to proof that the officer was
attempting to detain the person and that the person knew he was a police officer who
was attempting to detain him as the State must establish to prove felony evading.


(Emphasis added.) The facts emphasized above represent the evidence presented at trial and do not
even appear in the indictment which simply alleged:


 The duly organized Grand Jury of Harris County, Texas, presents in the District
Court of Harris County, Texas, that in Harris County, Texas, QUANELL X ABDUL
FARRAKHAN, hereafter styled the Defendant, heretofore on or about June 11, 2004,
did then and there unlawfully, intentionally flee from K.E. ROY, hereafter styled the
Complainant, a peace officer employed by HOUSTON POLICE DEPARTMENT,
lawfully attempting to DETAIN the Defendant, and the Defendant knew that the
Complainant was a peace officer attempting to DETAIN the Defendant, and the
Defendant used a motor vehicle while he was in flight.
8. We note that article 37.09, of the Texas Code of Criminal Procedure, the statutory
provision on lesser-included offenses, supports our conclusion in the present case. The statute
states that an offense is a lesser-included offense if "it is established by proof of the same or less
than all the facts required to establish the commission of the offense charged." Tex. Code Crim.
Proc. art. 37.09(1) (emphasis added).