

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00016-CR

Erica Hampton **BICKNELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR4489
Honorable Laura Lee Parker, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                   Luz Elena D. Chapa, Justice
                   Beth Watkins, Justice

Delivered and Filed: October 14, 2020

AFFIRMED

A jury found appellant Erica Hampton Bicknell ("Bicknell") guilty of endangering a child, and the trial court assessed punishment at confinement for two years, suspended, and a fine. In a single issue, Bicknell argues the evidence is legally insufficient to support the guilty verdict. We affirm the trial court's judgment.

## Background

Bicknell and Adrian Jackson are the parents of E.J. On June 27, 2018, Adrian took E.J., who was then two years old, shopping at an HEB grocery store in San Antonio. Adrian testified

he left the HEB after shopping and attempted to walk across the street to the bus stop while carrying E.J. and his groceries. As Adrian was crossing the street, Bicknell and another woman assailed him from behind. Adrian testified the women hit and scratched him and pulled on his shirt as they attempted to take E.J. from his arms. Although Adrian was not seriously injured, he fell to the ground. Adrian testified E.J. was hurt, so he let go of E.J. to prevent any further injury to him. Bicknell and the other woman took E.J. and left the scene in a black SUV driven by a man Adrian did not recognize.

Police found Bicknell and E.J. at a nearby convenience store a few minutes later. Bicknell was arrested and indicted for endangering a child. At trial, Bicknell admitted she instigated the altercation with Adrian but claimed Adrian was not holding E.J. at the time. Rather, Bicknell testified E.J. was walking next to Adrian, who was not holding E.J.'s hand as they crossed a busy street.

Two surveillance cameras captured footage of the incident from different angles. The first camera's footage shows Adrian and E.J. exit the HEB and walk away from the building side by side. The second camera's footage shows Adrian enter the roadway, although it is difficult to determine whether Adrian is carrying E.J. or walking next to E.J. Shortly after Adrian and E.J. entered the roadway, Bicknell and the other woman ran into the roadway. The roadway itself is not visible in the footage, so the altercation in the street was not recorded. The group eventually came back into the camera's view as they tumbled to the ground on the side of the street.

At the conclusion of trial, the jury found Bicknell guilty of endangering a child. Bicknell appeals.

**Discussion**

In a single issue, Bicknell argues the evidence is legally insufficient to support the guilty verdict because the evidence presented at trial conclusively negates the factual allegations contained in the indictment. Specifically, Bicknell argues the surveillance camera footage of the

incident depicts E.J. and Adrian walking side by side, while the indictment alleged Adrian was carrying E.J. when Bicknell assaulted him.

## A.    Standard of review

When considering a legal sufficiency challenge, we review all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Mayberry v. State*, 351 S.W.3d 507, 509 (Tex. App.—San Antonio 2011, pet. ref'd) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Whether the evidence is legally sufficient is a question of law, and we will not overturn the verdict unless it is irrational or unsupported by proof beyond a reasonable doubt. *See Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). We apply this standard of review to a hypothetically correct jury charge. *Ramjattansingh v. State*, 548 S.W.3d 540, 546 (Tex. Crim. App. 2018) (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

The evidence adduced at trial may be insufficient to support the verdict if it materially varies from the allegations contained in the indictment. *Id.* at 547. A variance is "material" if the indictment (1) fails to adequately inform the defendant of the charge against her, or (2) subjects her to the risk of being prosecuted later for the same crime. *Id.* "The bottom line is that, in a sufficiency review, we tolerate variances as long as they are not so great that the proof at trial 'shows an entirely different offense' than what was alleged in the charging instrument." *Id.* (quoting *Johnson v. State*, 364 S.W.3d 292, 295 (Tex. Crim. App. 2012), *cert. denied*, 568 U.S. 985 (2012)).

## B.    Analysis

The indictment alleged Bicknell "intentionally, knowingly and recklessly engage[d] in conduct that placed [E.J.], a child who was younger than fifteen (15) years of age, in imminent danger of bodily injury by assaulting the child's father while the father was carrying the child across a street and causing both to fall[.]" The State argues that even assuming the evidence

conclusively demonstrates Adrian was not carrying E.J. as he attempted to cross the street, any variance between the indictment and the evidence is immaterial.

As noted above, we review the evidence in light of a hypothetically correct jury charge. *See id.* at 546. Here, a hypothetically correct jury charge required the State to prove Bicknell "intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engage[d] in conduct that places a child younger than 15 years in imminent danger of death, bodily injury, or physical or mental impairment." TEX. PENAL CODE ANN. § 22.041(c). The alleged variance, therefore, does not involve the statutory elements of the offense. Rather, the alleged variance involves a description of how the offense was committed. *See Johnson*, 364 S.W.3d at 294 (distinguishing between two types of variances).

In determining whether such a descriptive variance is material, courts consider the nature of the offense. Where the offense is a result-of-conduct offense, a variance between the evidence and the indictment's description of how the offense was committed is immaterial. *See id.* at 298. For instance, while stabbing with a knife and bludgeoning with a baseball bat are two possible ways to murder a person, they do not constitute separate offenses. *Id.* In other words, "[w]ith only one victim, there can be only one murder, regardless of how that murder is committed." *Id.* at 296. Similarly, it is immaterial whether a defendant charged with aggravated assault causing serious bodily injury hit the victim with his hand or threw the victim against the wall so long as the victim sustained the serious bodily injury alleged on the occasion in question. *Id.* at 298.

Like murder, endangering a child is a result-of-conduct offense. *See Meza v. State*, 549 S.W.3d 672, 680–81 (Tex. App.—San Antonio 2017, no pet.) ("Under the child endangerment statute and the indictment in this case, the consumption of a drug and alcohol is only 'criminalized' if such consumption results in a child being placed in imminent danger of bodily injury. . . . [T]he consumption of a drug or alcohol is merely the means by which the offense was allegedly

committed . . . ."). Interpreting a prior version of a similar statute, the court of criminal appeals explained:

> [T]he injury to a child statute, like the homicide and other assaultive proscriptions, does not specify the "nature of conduct." Clearly then, the "nature of conduct" in these offenses is inconsequential (so long as it includes a voluntary act) to commission of the crimes. What matters is that the conduct (whatever it may be) is done with the required culpability to effect the _result_ the Legislature has specified.

*Alvarado v. State*, 704 S.W.2d 36, 39 (Tex. Crim. App. 1985) (emphasis in original).[1] Therefore, any variance between the indictment's description of how Bicknell placed E.J. in imminent danger of bodily injury and the evidence presented at trial is not a material one.[2]

Further, any variance in this case neither failed to adequately inform Bicknell of the charge against her nor subjects her to the risk of being prosecuted later for the same crime. *See Ramjattansingh*, 548 S.W.3d at 547. In other words, the indictment does not allege "an entirely difference offense" than what was proven at trial. *See id.* The evidence presented at trial demonstrates Bicknell assaulted Adrian while he was crossing a street with E.J., regardless of whether he was walking alongside E.J. or carrying E.J. as he testified. The surveillance camera footage shows Adrian and E.J. entering the roadway before Bicknell and the other woman, and Bicknell did not dispute the altercation began in the roadway while vehicles were present. The surveillance camera footage confirms Bicknell's and Adrian's testimony that everyone involved eventually fell to the ground on the side of the street, also while vehicles were present.

---

[1] The statute at issue in *Alvarado* was a prior version of Penal Code section 22.04, which provided: "A person commits an offense if he intentionally, knowingly, recklessly or with criminal negligence engages in conduct that causes serious bodily injury, serious physical . . . deficiency . . . to a child who is 14 years of age or younger." *Id.* at 37 n.1 (emphasis omitted).

[2] We note our sister courts have split on this issue. *Compare Millslagle v. State*, 81 S.W.3d 895, 897 n.1 (Tex. App.—Austin 2002, pet. ref'd) ("Notwithstanding the phrase 'engages in conduct that,' section 22.041(c) appears to be a 'result of conduct' offense."), *and Suarez v. State*, No. 05-03-00096-CR, 2003 WL 23025024, at *2–3 (Tex. App.—Dallas Dec. 30, 2003, pet. ref'd) (mem. op.) (same), *with Alcoser v. State*, 596 S.W.3d 320, 331 (Tex. App.—Amarillo 2019, pet. granted) ("[C]hild endangerment is a 'nature-of-conduct offense' because it is the nature of the conduct which is prohibited, regardless of the result."), *and Walker v. State*, 95 S.W.3d 516, 520–21 (Tex. App.—Fort Worth 2002, pet. ref'd) (same). As we held in *Meza*, however, we believe the gravamen of section 22.014(c) is not the nature of the defendant's conduct itself, but rather whether that conduct _results_ in a child being placed in imminent danger of harm.

Accordingly, we conclude the evidence is legally sufficient to support the jury's determination that Bicknell engaged in conduct that placed E.J. in imminent danger of bodily injury. Bicknell's sole issue is overruled.

## Conclusion

Having overruled Bicknell's sole issue, the trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH